### VON HATTEN v. SCHOLL et al.

(Supreme Court, Appellate Division, Second Department. January 14, 1896.)

1. JUDGMENT—VALIDITY—MISNOMER OF DEFENDANT.
   A judgment of foreclosure is not void merely because the summons and other papers gave only the surname of one of defendants with a blank before it, and plaintiff did not add any description identifying the person intended, as permitted by Code Civ. Proc. § 451, or designate such defendant by a fictitious name so far as his Christian name was concerned; the defendant intended having been actually served.
2. FORECLOSURE SALE—RIGHTS OF PURCHASER—AMENDMENT OF IRREGULARITIES.
   On a motion by a purchaser at foreclosure sale to be relieved from the purchase, it appeared that only the surname of one of defendants in the foreclosure suit was given in the summons and other papers, and that plaintiff did not add any description identifying the person intended, as permitted by Code Civ. Proc. § 451, or designate such defendant by a fictitious name, so far as his Christian name was concerned. *Held*, that the purchaser had a right to demand that the requisite amendment be made before completing his purchase.

Appeal from special term.

Action by Joseph Von Hatten against Louisa Scholl and others to foreclose a mortgage, in which there was a decree of foreclosure, and a sale of the mortgaged property. From an order denying a motion by Rebecca Feldman, purchaser at the foreclosure sale, to be relieved from her purchase, she appeals. Reversed conditionally.

Argued before BROWN, P. J., and PRATT, BARTLETT and HATCH, JJ.

Lewis Hurst, for appellant.

Edwin C. Shaffer, for respondent,

BARTLETT, J. One of the defendants in the foreclosure suit was named in the summons and other papers simply as Kaul, with a blank before that name. The plaintiff did not add any description identifying the person intended, as permitted by section 451 of the Code of Civil Procedure, or designate this defendant by a fictitious name, so far as his Christian name was concerned.. The purchaser insists that these defects render the judgment void, and hence that she is entitled to be relieved from her purchase. We think

the omissions did not invalidate the judgment, if the defendant intended was actually served. In that event they were only irregularities, curable by amendment. Such is the clear weight of authority. Weil v. Martin, 24 Hun, 645; Grant v. Birdsall, 2 Civ. Proc. R. 422. Before taking the title, however, the purchaser has the right to demand that the requisite amendment be made. This cannot be done upon the affidavit of Karl Kaul, which was read in the court below in opposition to her motion. In that affidavit the affiant states that he was duly personally served with the summons and a copy of the complaint in this action more than 20 days before the application for judgment; that his only interest in the premises involved herein was as a monthly tenant; that he has never appeared in the suit, has no defense, and waives any and all objection to the judgment. He does not say, however, and there is no proof, that he is the defendant Kaul mentioned in the summons and complaint with a blank before his name. If the plaintiff shall supply proof of this fact, and procure the judgment to be amended accordingly, the appellant must complete the purchase.

The order appealed from should be reversed, unless the plaintiff procures an amendment of the foreclosure judgment so as to cure the irregularity growing out of the insufficient designation of the defendant Kaul. The purchaser should also have the costs of this appeal. All concur.